# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AARON IBARRA, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO: |
| | ) 1:13-cv-3486-JEC |
| v. | ) |
| | ) |
| SMYRNA CUSTOM GLASS | ) |
| & MIRROR, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Aaron Ibarra ("Ibarra" or "Plaintiff"), and hereby submits his Complaint against Defendant Smyrna Custom Glass & Mirror, Inc., ("Smyrna Glass" or "Defendant Employer" or "Defendant") on the following grounds:

## JURISDICTION

1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 (federal question), § 1337 (commerce) and under 29 U.S.C. § 216(b) ("Fair Labor Standards Act").

## VENUE

2.

Venue is properly lodged in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant Employer either resides or transacts business in the Northern District of Georgia and the unlawful employment practices alleged herein were committed in the Northern District of Georgia, Atlanta Division.

## PARTIES

3.

Defendant Employer is a domestic corporation whose principal place of business is located at 2876 Woodruff Drive, Cobb County, Smyrna, Georgia 30080.

4.

Defendant Employer does not have a registered agent for service of process. Defendant Employer may be served with process by serving the officers of the corporation.

5.

Plaintiff was employed by Defendant Employer as a window installer from May 2006 until approximately October 2012.

## FACTUAL ALLEGATIONS

6.

Defendant Employer is a Georgia corporation in the business of installing mirrors and glass.

7.

Plaintiff was employed as an unskilled manual laborer for Defendant Employer. Plaintiff was responsible for installing glass for Defendant Employer.

8.

Plaintiff was paid eleven dollars per hour for the work he performed for Defendant Employer.

9.

Plaintiff would regularly work more than forty (40) hours during the workweek. However, Plaintiff was not compensated for overtime hours worked as required by 29 U.S.C. § 216(b).

10.

Defendant Employer was not exempt from paying Plaintiff overtime as Plaintiff did not fall within the category of exemptions listed in the Fair Labor

Standards Act.

## COUNT ONE

## <u>FAIR LABOR STANDARDS ACT VIOLATION</u>

11.

The allegations set forth in paragraphs 1 through 10 are incorporated herein by reference.

12.

Plaintiff is a member of the class of employees protected by the Fair Labor Standards Act. 29 U.S.C.§ 201 <u>et</u> <u>seq</u>.

13.

Plaintiff has performed substantial overtime work in the last three (3) years and is entitled to overtime compensation for two years preceding the filing of this Complaint with liquidated damages. 29 U.S.C. § 216(b).

14.

The Act allows for recovery of unpaid wages and overtime compensation for two years preceding the filing of the Complaint with a third year in case of willful violation. 29 U.S.C. § 255. The Plaintiff seeks the benefit of a Section 255

violation with liquidated damages.

15.

Plaintiff also claim costs of this action and attorney's fees pursuant to 29 U.S.C. § 216(b)

## **PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

**WHEREFORE,** the Plaintiff prays for the following relief against the Defendant:

a. That summons issue and service be perfected upon the Defendant requiring appearance in this Court within the time required by law and to answer this Complaint;

b. That Plaintiff have a trial by jury;

c. That the Court declare Defendant's conduct and practices in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

d. That the Court permanently enjoin Defendant Employer, its officers, agents, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which violates overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

e. That the Court permanently enjoin Defendant Employer, its officers, agents, employees, attorneys, and those acting in concert with them, from retaliation as prohibited by 29 U.S.C. § 215(a)(3);

f. That Plaintiff recover attorney's fees and all costs of pursuing this action, as provided by 29 U.S.C. § 216(b);

g. That Plaintiffs be awarded back pay and liquidated damages for the statutory period allowed by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

h. That Plaintiffs be awarded damages under 29 U.S.C. § 255 for a willful violation of the Act; and

i. For such other and further relief as this Court may deem appropriate under the circumstance.

Respectfully submitted this 22nd day of October, 2013.

CLAXTON LAW GROUP, LLC

*s/Muna H. Claxton*
Muna H. Claxton
Georgia Bar No.: 508508
545 N. McDonough Street
Suite 201
Decatur, GA 30030
Phone: (404) 669-6119
Fax:    (404) 475-3089
mclaxton@claxtonlawgroup.com